UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DALE MANZELL McDONALD, | ) |
| Plaintiff | ) |
| vs. | ) CAUSE NO. 3:04-CV-71RM |
| DR. ALLI-BALOGUN and DR. MITCHEFF, | ) |
| Defendants | ) |

OPINION AND ORDER

Dale McDonald, an Indiana State Prison inmate, brought this action pursuant to 42 U.S.C. § 1983 against two physicians whom he claims provided him with constitutionally deficient medical treatment. The defendants moved for summary judgment pursuant to FED. R. CIV. P. 56 and notified Mr. McDonald of the importance of responding, *see* Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982), but Mr. McDonald did not respond. The court now grants the defendants' summary judgment motion.

> Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Although the moving party must initially identify the basis for its contention that no genuine issue of material fact exists, the nonmoving party cannot rest on his pleadings, but must produce his own evidence. Hughes v. Joliet Correctional Ctr., 931 F.2d 425, 428 (7th Cir. 1991). Rule 56(e) requires that the nonmoving party who bears the burden of proof on an issue for trial allege specific facts showing that there is a genuine issue for trial by his own affidavits or by the depositions, answers to interrogatories, and admissions on file. Celotex Corp., 477 U.S. at 324.

> . . . In considering whether any genuine issues of material fact exist, we view the record and extract all reasonable inferences from the evidence in the light most favorable to the nonmoving party. However, the nonmoving party "must do more than simply show that there exists some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio *Corp.*, 475 U.S. 574, 586 (1986). Only disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.

McGinn v. Burlington Northern R.R. Co., 102 F.3d 295, 298 (7th Cir. 1996).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. Booth v. Churner, 532 U.S. 731 (2001); Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999). Section 1997e "applies to 'all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong.'" Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002), *quoting* Porter v. Nussle, 534 U.S. 516, 122 (2002). "Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006).

"For a prisoner to exhaust his remedies within the meaning of § 1997e(a), he must 'file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" Burrell v. Powers, 431 F.3d. 282, 285 (7th Cir. 2005), *quoting* Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). A

prisoner who has not appealed the dismissal of his grievance has not exhausted his administrative remedies for purposes of § 1997e(a). Dixon v. Page, 291 F.3d 485, 490 (7th Cir. 2002).

In support of their summary judgment motion, the defendants tender the affidavit of Howard Morton who attests, with supporting documents, that while Mr. McDonald filed grievances concerning each of the incidents giving rise to this suit, he didn't appeal the denials of those grievances. In short, Mr. Morton explains, Mr. McDonald didn't exhaust his grievance remedies with respect to any of the matters on which the suit is based.

Because Doctors All-Balogun and Mitcheff met their initial obligation under FED. R. CIV. P. 56, the burden fell upon Mr. McDonald to come forth with evidence sufficient, if viewed as fully in his favor as reasonable, to allow a factfinder to decide the case in his favor. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). When a non-moving party does not make such a showing, "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Lujan v. Nat'l Wildlife Fed., 497 U.S. 871, 884 (1990), *citing* Celotex Corp. v. Catrett, 477 U.S. at 323. Mr. McDonald did not meet that burden because he submitted no admissible evidence contesting Mr. Morton's sworn statement that Mr. McDonald never completed the grievance process.

The comprehensive administrative exhaustion requirement of the Prison Litigation Reform Act requires dismissal of any case in which an available

3

administrative remedy has not been exhausted. Massey v. Wheeler, 221 F.3d 1030 (7th Cir. 2000). Dismissal of a complaint pursuant to 28 U.S.C. § 1997e(a) should be without prejudice. Perez v. Wisconsin Dept. of Corrections, 182 F.3d at 534.

Because no reasonable trier of fact could find that Mr. McDonald exhausted his administrative remedies, the court GRANTS the defendants' motion for summary judgment (docket #73) and DISMISSES this case WITHOUT PREJUDICE.

SO ORDERED.

ENTERED:   September 15, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court